OPINION OF THE COURT
John B. Riordan, S.
This construction proceeding (SCPA 1420) relates primarily to an interpretation of article Fifth of the will, which is a *579 bequest in trust to decedent’s two adult children from a prior marriage in the following language:
“I give, devise and bequeath to my son, lee weiss-man (‘lee’) and to my Trustee(s), hereinafter named, in trust, to be held, administered, invested and reinvested for the benefit of my son, glenn weissman (‘glenn’), in equal shares, a sum equal to the maximum amount by which my federal taxable estate (determined without regard to this Article of my Will) may be increased without causing an increase in the federal estate tax payable by reason of my death after taking into account all credits available against such tax, provided, however, that the credit for state death taxes shall be taken into account only to the extent that it does not result in an increase in the state death taxes which would otherwise be payable. In computing the amount of this bequest, the values and amounts as finally determined for federal estate tax purposes shall control.”
The petitioner, who is the surviving spouse and executor of the estate, argues that article Fifth creates a credit shelter trust which requires that it be reduced by the amount of all testamentary dispositions that do not qualify for the marital deduction. Article Fourth of the will as amended by the first codicil gives two residences of the decedent to the surviving spouse for her life or until her remarriage together with all of the furniture and furnishings. The federal estate tax return, form 706, values these two parcels of real property, including the furnishings, in the total amount of $711,302. It is conceded by the respondents that these bequests are terminable interests which do not qualify for the marital deduction (Internal Revenue Code [26 USC] § 2056 [b]). The decedent died on September 17, 2000; the federal unified credit against the federal estate and gift tax at that time was $220,550. The exemption equivalent, or the amount of property which will generate an estate or gift tax equal to the unified credit and would, therefore, pass tax free, amounted to $675,000 in that year. In the language of the article Fifth bequest, the surviving spouse argues that the federal taxable estate cannot be “increased without causing an increase in the federal estate tax by reason of my death after taking into account all credits available” unless the credit shelter amount is reduced by the life estates.
Conversely, the respondents, while agreeing that the article Fifth trust employs a formula to determine the size of the *580 bequest, urge that a “disposition should not be limited unless the testator’s intention to do so clearly appears by definite words that are clearly imperative.” In effect, the respondents claim that the article Fifth bequest is merely a general bequest of a dollar amount fixed by a tax formula. The respondents also concede that the residuary trust qualifies for the marital deduction as qualified terminable interest property (QTIP) (Internal Revenue Code § 2056 [b] [7]). The remainder of the residuary trust is payable in equal shares outright to one son and in trust for the other. Since the article Fourth devise of the two life estates does not provide for the disposition of the remainder interests of those properties, those remainder interests would fall into and be disposed of as part of the residuary estate (Matter of Jones, 38 NY2d 189).
It has been observed that “in general, when the value of property owned by the spouses exceeds the value of property protected from the tax by the uniform credit available to one of them, use of this credit is desirable before using the marital deduction to minimize the estate tax payable at the surviving spouse’s death” (Covey, Marital Deduction and Credit Shelter Dispositions and the Use of Formula Provisions, at 1 [4th ed]).
The objective of estate planning, therefore, is to employ both the credits against the tax and the marital deduction in tandem to eliminate the estate tax entirely on the death of the first spouse. However, to the extent that some dispositions do not qualify for the marital or charitable deductions and are not charges which are employed as deductions on the estate tax return, the formula normally provides for the deduction of those items from the credit shelter amount, since otherwise such amounts would incur an estate tax and thereby reduce the marital deduction.
The formula providing for these reductions of the bequest has been referred to as “a road map for how the amount passing under the disposition is determined” (Covey, supra at 26). However, the author is equally clear that the express recitation of the dispositions or charges to be deducted from the bequest is not mandatory (Covey, supra at 26, 40) provided the testator’s intention to do so is clear. Here, the language of the bequest clearly demonstrates that intention. The bequest is a sum equal to the “maximum amount by which my federal taxable estate (determined without regard to this Article of my Will) may be increased without causing an increase in the federal estate tax.” First, the bequest is the “maximum” or largest amount that can pass free of federal estate tax. Accord *581 ingly, the reductions of the credit shelter amount are necessary to produce the largest amount that can pass tax free (Matter of Ettinger, 149 Misc 2d 308). Otherwise, in this case, the marital deduction would necessarily have to be reduced. Secondly, the phrase "determined without regard to this Article of my Will” directs that the bequest of the credit shelter amount be disregarded entirely in computing the amount that may safely pass tax free.
Article Fifth is construed as requiring its reduction by the dispositions of the two life estates of the surviving spouse that do not qualify for the marital deduction at their estate tax values.